IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., #117395, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-302-MHT |
| | )                (WO) |
| | ) |
| MARY COOK, et al., | ) |
| | ) |
|   Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James McConico, Jr., a state inmate and frequent federal litigant. In this complaint, McConico challenges the constitutionality of conditions to which he is currently subjected at the Fountain Correctional Facility ("Fountain"). Doc. 1 at 1–4. Specifically, McConico alleges the conditions at Fountain are extremely unsafe and unduly hazardous due to the coronavirus pandemic, otherwise known as COVID-19, and his potential exposure to the virus while incarcerated at Fountain. Doc. 1 at 3 (There is "a reasonable denial of medical care [by the failure to] test him and other inmates for the coronavirus infection due to inmates found to have the virus at Fountain Unit. The defendants . . . are not complying daily with those steps [outlined to slow the spread of the virus because] there is no enforcement. Such as the inmates that fail to wear their mask and non-compliance with cleaning assignments and jobs to sanitize the units daily no disciplinaries for non-

compliance or officers making sure the work is done."). McConico names Mary Cook, the Warden of Fountain, Kay Ivey, the Governor of Alabama, and Jefferson Dunn, the Commissioner of the Alabama Department of Corrections, as defendants.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

## II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the conditions about

---

[1] Upon initiation of this civil action, McConico filed an application for leave to proceed *in forma pauperis*. Doc. 2. McConico also seeks appointment of counsel. Doc. 1 at 4. However, under the circumstances of this case, the court finds that rulings on the *in forma pauperis* application, including determinations of whether McConico has established he is in "imminent danger of serious physical injury" so as to meet the exception to application of the three strikes bar of 28 U.S.C. § 1915(g) or should be assessed an initial partial filing fee, and the request for appointment of counsel should be undertaken by the United States District Court for the Southern District of Alabama.

which McConico complains are occurring at a prison located in the Southern District of Alabama.  Moreover, the complaint indicates that defendant Mary Cook and all individuals personally responsible for the conditions about which McConico complains reside in the Southern District of Alabama.  Although by virtue of their positions as Governor of Alabama and Commissioner of the Alabama Department of Corrections defendants Kay Ivey and Jefferson Dunn reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state.  Finally, it is clear that the witnesses to the actual conditions present and actions undertaken at Fountain reside in the Southern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

On or before **May 29, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of May, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE