UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MCCONICO, JR., #117395, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:20-cv-314-TFM-N |
| | ) |
| MARY COOK, *et al*., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This action, brought under 42 U.S.C. § 1983, arises out of a dispute over the sufficiency of the actions being taken by the State of Alabama, Governor Kay Ivey, and Warden Mary Cook at Fountain Correctional Facility in Atmore, Alabama. *See* Doc. 1. Plaintiff, proceeding *pro se*, files this "Motion for a Temporary Restraining Order and a Preliminary Injunction" (Doc. 34, filed June 11, 2021). In the pleading, he seeks a temporary restraining order to prevent "arbitrary and capricious transfer from Easterling Correctional Facility (Easterling Unit) for excercising his right to petition the government due to his 8th Amendment being violated regarding failure to properly treat him for COVID-19 and retaliation against McConico for suing Warden Mary Cook for violating McConico's right to assist other inmates in preparing their complaints and pleadings." Doc. 34 at 1. Plaintiff avers that he has been falsely accused of "charging inmates to do their legal work" and "teaching classes in the law library;" his legal mail is being opened, read, and copied by prison staff; Deputy Warden McCoy threatened the law clerk in the law library with termination if he allowed Plaintiff in the law library; all of which has allegedly resulted in the deprivation of access to use the law library to assist other inmates as well as arbitrary transfers to other prisons. Doc. 34 at 1–2, 8–11. Plaintiff further asserts that as a result of the arbitrary transfers, some of the

claims he asserted against Warden Mary Cook in this case have been mooted. Doc. 34 at 2.

He requests a temporary restraining order to prevent the ADOC defendants from transferring him to any other prison due to "retaliatory conduct [. . .] for exercising [his] right to petition the government for a redress of [his] grievances against Warden Mary Cook, Deputy Warden Monica McCoy, and Mail Clerk Blakely." Doc. 34 at 8.

A temporary restraining order ("TRO") may be granted without notice if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

Though Plaintiff makes serious allegations, his request falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. Although Plaintiff attached an affidavit in support of his allegations, signed under penalty of perjury, as required by Fed. R. Civ. P. 65(b)(1)(A), he has failed to demonstrate that an irreparable injury, loss, or damage will occur prior to the ADOC Defendants having an opportunity to be heard. While the Court certainly takes Plaintiff's arguments seriously regarding retaliatory transfers in response to protected activity, his alleged irreparable injury is his inability to "prosecute this litigation and assist other inmates in their right to access to court by aiding them in their preparation of pleadings

and complaints." Doc. 34 at 5. It must be noted that Plaintiff is not seeking to enjoin ADOC Defendants from preventing him access to a law library, Plaintiff is seeking to prevent them from transferring him out of Easterling Correctional Facility. Plaintiff has not demonstrated how a transfer would prevent him from prosecuting this action, only that ADOC Defendants' "rotational transferring him 2–3 times within a year in order to prevent him from assisting other inmates with preparing their pleadings, complaints and requiring other inmate to learn their Constitutional Amendments." Doc. 34 at 1. However, "[p]risoners do not have a First Amendment right to provide legal assistance to fellow prisoners." *Taylor v. McSwain*, 335 F. App'x 32, 33–34 (11th Cir. 2009) (citing *Shaw v. Murphy,* 532 U.S. 223, 225–32, 121 S. Ct. 1475, 1477–80, 149 L. Ed. 2d 420 (2001)).

Further, Plaintiff has failed to show that a transfer from Easterling Correctional Facility is imminent, and not merely speculative. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("The injury must be 'neither remote nor speculative, but actual and imminent.' [. . .] An injury is 'irreparable' only if it cannot be undone through monetary remedies."). Since Plaintiff has failed to show a threat of an imminent and irreparable injury, the request for a temporary restraining order fails.

It is therefore **ORDERED** that insofar as Plaintiff seeks a temporary restraining order, the Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 34) is **DENIED**. However, the motion also contains a Motion for a Preliminary Injunction which remains pending.

Thus, it is further **ORDERED** that Plaintiff's motion for preliminary injunction (Doc. 34) is hereby **REFERRED** to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(1).

**DONE** and **ORDERED** this 25th day of June, 2021.

                                                      /s/ Terry F. Moorer
                                                    TERRY F. MOORER
                                                    UNITED STATES DISTRICT JUDGE