**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES MCCONICO, JR., # 117395,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 20-0314-TFM-N** |
| **MARY COOK, *et al.*,** | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff James McConico's Motion for Preliminary Injunction ("Motion") (Doc. 40, Page ID.270). The Motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(1), and District Judge Moorer's order (Doc. 32 at 2, PageID.283). The Motion for Temporary Restraining Order, which was conjoined with the present Motion, was previously denied by District Judge Moorer. (Doc. 42, PageID.284). After careful consideration, it is recommended the Motion for Preliminary Injunction be denied as MOOT.

McConico, a *pro* se prisoner, filed this § 1983 action over the sufficiency of responses by Defendants Dunn, Ivey, and Cook to Covid-19 at Fountain Correctional Facility ("Fountain") where he was incarcerated when he filed this action. (Doc. 10, PageID.11). He was allowed to proceed *in forma pauperis* despite being subject to 28 U.S.C. § 1915(g) due to this statute's exception being met – he was in imminent danger of serious physical injury. However, since the action's filing, McConico has been transferred from Fountain to Easterling Correctional Facility

("Easterling") where the incidents in this Motion occurred.

McConico was incarcerated at Easterling when the present Motion was filed. (Doc. 40-2 at 1). But subsequently, he was transferred to Hamilton Aged and Infirmed Correctional Facility ("Hamilton A & I"). (Doc. 44 at 1, PageID.290). Due to this last transfer, the Court must determine if a case or controversy exists at this time regarding his Motion. *See Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." *Id.*

Turning to the Motion, at this time Defendants Dunn, Ivey, and Cook are the only Defendants to this action, and they have not responded to the Motion. (Doc. 10, PageID.11; Doc. 37, PageID.111, special report and answer). In the Motion, McConico seeks to enjoin Deputy Warden Monica McCoy, Commissioner Jeff Dunn, Mail Clerk Blakely, Classification Specialist Truss, Institutional Coordinator Cheryl Price, and Warden John Crow, who are not Defendants to this action except for Commissioner Dunn. (Doc. 40 at 4, PageID.273). McConico previously sought to add these other parties as Defendants, but they are not Defendants at this time. (*See* Doc. 33, PageID.83, motion to add McCoy and Blakely; Doc. 419, PageID.280, motion to add Dunn, Price, Crow, and Truss). Furthermore, he wants Dunn, Price, and Crow enjoined because they are responsible for McCoy's, Blakely's, and Truss's complained of actions and would ensure their compliance with an injunction. (Doc. 40 at 4, PageID.273).

McConico's unsworn Motion is supported by his attached Declaration signed under

penalty of perjury. (Doc. 40-1, PageID.277). In the Declaration, McConico complains of the actions taken by Deputy Warden McCoy, Mail Clerk Blakely, and Classification Specialist Truss while he was at Easterling. (Doc. 40-2 at 1). He alleges that McCoy retaliated against him for suing Mary Cook, her friend and former co-worker and the former warden at Fountain, in this action. (Doc. 40-1 at 1, PageID.277). McConico complains about McCoy now requiring an advanced sign-in procedure to use the law library, claiming that he charged inmates for preparing legal work for them and had too much paperwork on the table, demanding the law clerks bar him from the law library without her written permission, denying his requests for additional law-library time, and having Blakely open his legal mail, read it, copy it, and deliver it to her. (*Id.* at 1-3, PageID.277-279).

McConico claims that unless an injunction issues, he is unable to work on his pending litigation concerning his two life sentences in multiple courts and the denial of parole, which involves gathering evidence and retaining expert witnesses, and thus he is being denied meaningful access to the law library and to the courts. (Doc. 40 at 2-3, PageID.271-272). However, no specific allegations of an imminent, irreparable injury are in the Motion. *See Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990) (one of the four prerequisites to be shown before injunctive relief will issue is irreparable injury which "must be neither remote nor speculative, but actual and imminent").

Because McConico is no longer at Easterling where McCoy, Blakely, and Truss are employed, he is no longer subject to their actions and restrictions. Accordingly, a case or controversy no longer exists between McConico and McCoy, Blakely, and Truss. *See Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.) (a case or controversy no longer existed regarding an inmate's request for declaratory and injunctive relief based on his conditions of confinement

when he was transferred away from the conditions to another prison), *cert. denied* 488 U.S. 1046 (1989). And no longer does a case or controversy exist between Dunn, Price, and Crow and McConico because he is no longer at Easterling where the complained about officials are employed and thus Dunn, Price, and Crow are no longer needed to ensure compliance with an injunction and to be responsible the actions of the Easterling officials, McCoy, Blakely, and Truss, that may be taken toward McConico.

Thus, McConico's transfer to Hamilton A & I is dispositive of his request for injunctive relief because he has been transferred away from Easterling where the complained of actions and restrictions occurred. Consequently, his Motion for Preliminary Injunction fails to present the required case or controversy for the issuance of injunctive relief.

Therefore, based upon the foregoing reasons, McConico's Motion for a Preliminary Injunction is due to be denied as MOOT, and it is so recommended.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 29th day of September, 2021.

s/ ***Katherine P. Nelson***
**UNITED STATES MAGISTRATE JUDGE**